Tony VELASQUEZ, et al.,
Plaintiffs-Appellees,

v.

John SENKO, et al.,
Defendants-Appellants.

No. 85-2706.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 3, 1986.

Decided April 6, 1987.

Juan Uranga, Salinas, Cal., for plaintiffs-appellees.

Mark C. Walters, Washington, D.C., for defendants-appellants.

Before NELSON, HALL and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

## I.

Plaintiffs allege that agents of the Immigration & Naturalization Service and the Border Patrol violated their constitutional rights in conducting raids on Hispanic neighborhoods and establishments without reasonable cause or proper warrants. Appellants, four federal officials sued in their individual capacities, moved to dismiss and for summary judgment. They claimed they had no personal connection with the raids in question and were therefore entitled to "qualified immunity" from suit.

The district court denied both motion, 643 F.Supp. 1172. The court found that appellants failed to address the pertinent issue for a claim of qualified immunity: whether the law they were accused of violating was clearly established. Noting that the qualified immunity issue was not properly raised and that discovery had not yet commenced, the court indicated that the denial of summary judgment was without prejudice. Defendants appeal the order denying these motions.

## II.

We must first determine whether the district court's order is appealable. In most instances, an appeal lies only from a final judgment of the district court. 28 U.S.C. § 1291 (1982). In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), however, the Court excepted certain collateral orders from the final judgment rule. Under *Cohen*, a district court's decision is appealable if it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225.

In *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), the Court held that the denial of a motion to dismiss or for summary judgment based on qualified immunity is a collateral order, appealable under *Cohen*. The concept of "qualified immunity" for federal officials stems from *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), which "recognized an entitlement not to stand trial or face the other burdens of litigation, conditioned on the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2816. The Court determined that a denial of qualified immunity is immediately appealable because it conclusively determines the right not to stand trial and because it involves a legal issue "conceptually distinct" from the merits of plaintiff's claim. *Id.*

The Court emphasized, however, that the issue immediately appealable was the "purely legal" one of "whether the facts alleged ... support a claim of violation of clearly established law." 472 U.S. at 528 n. 9, 105 S.Ct. at 2816 n. 9. As *Mitchell* notes, the *Cohen* requirement that the issue be separable from the merits is thereby met: The appellate court "need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim. All it need determine is a question of law...." 472 U.S. at 528, 105 S.Ct. at 2816.[1]

Appellants here claim they were entitled to summary judgment[2] because "they were not present" during the operations in question and did not participate in the planning or direction of the raids. This claim is much different from that held to be appealable in *Mitchell*. Nowhere do appellants claim that the law they are accused of violating was not clearly established. Instead, they present a disputed factual issue, inextricably bound up in the underlying claim: whether the defendants were present at the raids and the extent to which they participated in or directed the operations. An ordinary summary judgment motion of this type is not automatically transformed into a qualified immunity claim merely because defendants are federal officials. The appeal does not present a purely legal issue, separable from the merits, as *Mitchell* requires.[3]

The appeal is therefore DISMISSED.

CYNTHIA HOLCOMB HALL, Circuit Judge, concurring in the judgment:

I agree with the majority that we must dismiss this appeal since it is interlocutory

---

1. *See also Mitchell,* 472 U.S. at 530, 105 S.Ct. at 2817 (district court's denial of a claim of qualified immunity is appealable "to the extent that it turns on an issue of law"); *id.* at 529 n. 10, 105 S.Ct. at 2817 n. 10 (qualified immunity claim meets *Cohen* "separate from the merits" test because it involves only "legal determination that a given proposition of law was not clearly established"); *id.* (qualified immunity ruling is a "legal issue that can be decided with reference only to undisputed facts and in isolation from the remaining issues of the case").

2. The motion to dismiss was based not on qualified immunity but on failure to state a claim under Fed.R.Civ.P. 8, failure to state a claim based on *respondeat superior* and failure to make a timely motion for class certification.

3. Because such a case is not before this court, we need not decide whether denial of a summary judgment motion based on defendants' non-involvement made after discovery is complete would present a properly appealable legal issue.

and not within any exception to the final judgment rule of 28 U.S.C. § 1291. I write separately to point out the narrow issue and analysis which I believe this decision should involve under the guidelines set forth by the Supreme Court in *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

## I.

The narrow issue which we should decide today is whether an interlocutory appeal is available from an order denying, *without prejudice*, a motion based on qualified immunity. The collateral order doctrine, established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), precludes review of interlocutory orders which do not *"finally determine* claims of right separable from, and collateral to, rights asserted in the action." *Id.* at 546, 69 S.Ct. at 1225 (emphasis added). The appeal before us is from just such an interlocutory order.

In their motion for summary judgment, the defendants argued that the plaintiffs failed to connect them to the allegedly unconstitutional acts. The district court denied the defendants' motion as premature because "discovery has yet to be undertaken." Under *Mitchell*, "the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed [the allegedly unconstitutional] acts." 472 U.S. at 526, 105 S.Ct. at 2816. If, *after discovery*, the plaintiffs have still failed to link a defendant to the violative acts, this defendant is entitled to summary judgment on any damages claims as a matter of law. *Id.* But *prior to discovery, Mitchell* precludes summary judgment, where, as here, the defendants fail to argue that the law was not clearly established. *Id. See also Kraus v. County of Pierce*, 793 F.2d 1105 (9th Cir.1986).

When the complaint alleges acts constituting a plain violation of law which has a settled substantive content, the defendant is entitled to summary judgment *if* he makes a showing by affidavit or otherwise that he did not commit those acts *and* "discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts."

*Id.* at 1108 (quoting *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2816) (emphasis added). *Accord Kennedy v. City of Cleveland*, 797 F.2d 297, 299–300 & nn. 2–3 (6th Cir.1986). While the defendants made the proper showing before the district court, they moved for summary judgment prematurely—*prior to discovery*. The district court therefore properly denied the defendants' motion.

The district court, however, stated that its denial of qualified immunity was "without prejudice to a renewed motion that addresses the pertinent issues." The district court's denial, therefore, was not a final determination of the defendants' right to qualified immunity: (1) *prior to discovery*, the defendants remain free to argue that the law was not clearly established at the time of the alleged constitutional violations and (2) *after discovery*, the defendants can again move for summary judgment based on nonparticipation in the unconstitutional acts. *See Mitchell*, 472 U.S. at 526–28, 530, 535–36, 105 S.Ct. at 2815–17, 2817, 2820–21.

The district court's order does not finally determine the defendants' claim that *Mitchell* provides them with a "right not to stand trial" and, on this basis, I agree that we should dismiss this appeal. *Cf. Mitchell*, 472 U.S. at 527, 105 S.Ct. at 2816 (order appealable only when there are " 'no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred' ") (quoting *Abney v. United States*, 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1979)).

## II.

The majority, however, bases its judgment on its conclusion that "the appeal does not present a purely legal issue, separable from the merits, as *Mitchell* requires." *Ante* at 1511. Since the defendants argue that the plaintiffs have failed to connect them to the allegedly illegal acts,

the majority says that "they present a disputed factual issue, inextricably bound up in the underlying claim." *Id.* The majority misconstrues both the rule in *Mitchell* and the nature of the defendants' claim.

The *Mitchell* Court held that an immediate appeal is available only from "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law." 472 U.S. at 530, 105 S.Ct. at 2817. Thus, any appeal must stand or fall depending on whether or not it properly raises an issue of law alone. But the *Mitchell* Court specifically rejected the notion that "any factual overlap between a collateral issue and the merits of the plaintiff's claim is fatal to a claim of appealability." *Id.* at 529 n. 10, 105 S.Ct. at 2817 n. 10. Moreover, the Court emphasized that "resolution of [appealable] legal issues will entail consideration of the factual allegations that make up the plaintiff's claim for relief." *Id.* at 528, 105 S.Ct. at 2817. The majority ignores this language from the Supreme Court's opinion.

The defendants in this case have presented what is at least arguably an appealable legal issue, even if it may involve some consideration of the facts: Whether, assuming the complaint contains allegations of clearly established law, summary judgment is available for defendants whom the plaintiffs have utterly failed to connect to the acts alleged. *Cf. Jacquez v. Procunier,* 801 F.2d 789, 791–92 (5th Cir.1986). Therefore, I would base dismissal solely on the "without prejudice" nature of the district court's order and not even reach the issue of whether the defendants presented an issue which is so "inextricably bound up in the underlying claim" as to be nonappealable under *Mitchell.* Such analysis is unnecessary.

### III.

Whatever else it may be, a without prejudice denial of a defendant's claim to qualified immunity is definitely not a *final* determination of the merits of the claim. Since such a denial does not finally determine any defendant's right not to stand

trial, I agree with the majority that the appeal must be dismissed.