852 F.2d 1291
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not the case, res judicata, or collateral estoppel.
 
 Randall N. WIIDEMAN, Plaintiff-Appellant,
v.
George DEEDS, individually and agent of the Southern Desert
Correctional Center, the Nevada Dept. of Prisons,
Defendants-Appellees.
 No. 87-1996.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1988.*
Decided July 19, 1988.
 Before FLETCHER, PREGERSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This case is an interlocutory appeal filed by Randal N. Wiideman, a Nevada state prisoner, in connection with his section 1983 action. On March 31, 1984, the district court granted a motion to dismiss defendants Nevada Southern Desert Correctional Center (SDCC) and Nevada Department of Prisons (NDOP) on eleventh amendment grounds, and also denied Wiideman's second request for a preliminary injunction. Although it is not clear which ruling of the district court he is appealing,[1] Wiideman filed a timely notice of appeal on April 15, 1987.
 
 
 3
 Wiideman's appeal from the district court's dismissal of defendants SDCC and NDOP is premature. The motion to dismiss was granted only as to the two governmental defendants on eleventh amendment grounds; defendant George Deeds remains a party in his individual capacity. Because the district court's order did not dispose of all claims with respect to all parties, it was not a final judgment permitting this court to exercise its jurisdiction under 28 U.S.C. Sec. 1291 (1982). See Velasquez v. Senko, 813 F.2d 1509, 1511 (9th Cir.1987). This case does not present the extraordinary circumstances necessary to establish jurisdiction under the collateral order doctrine. Mitchell v. Forsyth, 472 U.S. 511, 524-25 (1985), quoting Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949). Nor did the district court certify the entry of a final judgment under Fed.R.Civ.P. 54(b). We therefore lack jurisdiction to entertain Wiideman's appeal of the district court's grant of the motion to dismiss.
 
 
 4
 Wiideman's appeal from the district court's denial of his motion for preliminary injunction is without merit. Wiideman failed to file a timely notice of appeal from the district court's denial of his first motion for an emergency preliminary injunction on January 9, 1987, as required by Fed.R.App.P. 4(a)(1). Instead, Wiideman filed a second motion on the identical issues without presenting any new facts. In essence, Wiideman appeals the district court's order denying reconsideration of his motion. As a general rule, however, the denial of a motion to reconsider a request for an injunction will be appealable only if the motion raises new matter not considered when the first request was made. See Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1418 n. 4 (9th Cir.1984). Because Wiideman has not shown any changed circumstances or new matter, we affirm the district court's denial of his motion for a preliminary injunction.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The parties appear somewhat confused as to the subject of this appeal. Wiideman's brief discusses only the merits of the preliminary injunction issue, while the defendants contend that the only issue on appeal is the order granting the motion to dismiss