John W. BURGESS; Linda M. Burgess, husband and wife, Plaintiffs–Appellees,

v.

PIERCE COUNTY, a municipal corporation; Joseph Stortini; Jane "Doe" Stortini, husband and wife, Defendants–Appellants.

No. 88–3994.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 1989.

Decided Nov. 2, 1990.

James R. Orlando, Rovai, Miller, Foley, Orlando & Larkin, Tacoma, Wash., for defendants-appellants.

Paul Lindenmuth, Law Office of Neil J. Hoff, Tacoma, Wash., for plaintiffs-appellees.

Before BROWNING, ALARCON and HALL, Circuit Judges.

PER CURIAM:

■ John Burgess contends he was fired from his position as Pierce County Fire Marshal by Pierce County Executive Joseph Stortini because Burgess opposed the passage and enforcement by the County Council of ordinances Burgess believed to be unlawful and dangerous. Stortini contends he fired Burgess for a variety of managerial shortcomings. Burgess brought suit against Pierce County and Stortini under 42 U.S.C. § 1983, claiming violations of the first and fourteenth amendments. After discovery, Pierce County and Stortini moved for summary judgment on several grounds, including Stortini's asserted right to qualified immunity. The district court denied the motion. Stortini appeals the denial of qualified immunity.[1]

I

We take jurisdiction of this interlocutory appeal under *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), to consider whether the rights Burgess alleges Stortini violated were clearly established, and whether, after discovery, Burgess made a sufficient evidentiary showing of the occurrence of the alleged conduct to create factual issues requiring trial. The scope of our review is detailed in *Mitchell:*

Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the

commencement of discovery. [citation omitted]. Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.

472 U.S. at 526, 105 S.Ct. at 2815.

■ We must first decide whether the rights Burgess alleges Stortini violated were "clearly established." "[S]tate and local officials are entitled to qualified immunity if 'their conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Manhattan Beach Police Officers Ass'n, Inc. v. City of Manhattan Beach*, 881 F.2d 816, 818 (9th Cir. 1989) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). Challenged conduct violates clearly established rights only if the unlawfulness of the conduct was apparent in light of preexisting law. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Whether the law was clearly established is a question of law reviewed de novo. *Finkelstein v. Bergna*, 881 F.2d 702, 703 (9th Cir.1989).

■ Burgess alleges he was fired in retaliation for speaking out during a dispute with Stortini regarding the interpretation and enforcement of local "fire flow" and "private road" standards.[2] Burgess' complaint and affidavits assert Stortini fired him in retaliation for communicating with other county officials, with the County Council and with members of the public, in opposition to passage and enforcement of ordinances Burgess believed conflicted with state fire flow and private road standards, threatened life and property, and exposed Pierce County to potential tort liability.

---

1. The appeal is properly limited to Stortini alone; a municipal corporation such as Pierce County is not entitled to "good faith" immunity. *Owen v. City of Independence,* 445 U.S. 622, 638, 100 S.Ct. 1398, 1409, 63 L.Ed.2d 673 (1980).

2. Fire flow standards fix the amount of water required to be available for fire fighting. Private road standards describe the width and gradient requirements for private roads to make access by fire fighting equipment possible.

■ The communications for which Burgess was allegedly fired related to matters of public concern and were protected by the first amendment. As the law stood when Stortini fired Burgess, discharging a public employee in retaliation for protected speech violated clearly established law of which a reasonable person would have known. *See Connick v. Myers*, 461 U.S. 138, 142, 103 S.Ct. 1684, 1687, 75 L.Ed.2d 708 (1983); *see also Givhan v. Western Line Consol. School Dist.*, 439 U.S. 410, 414–16, 99 S.Ct. 693, 695–97, 58 L.Ed.2d 619 (1979) (speech to employer as well as to the public on matters of public concern clearly protected); *Knapp v. Whitaker*, 757 F.2d 827, 845–46 (7th Cir.1985) (public employee speech to school board on matter of public concern protected despite "chain of command" administrative policy); *McKinley v. City of Eloy*, 705 F.2d 1110, 1114–15 (9th Cir.1983) (speech by a police officer to city council in support of annual raises for police officers dealt with a matter of public concern, was protected by first amendment, and could not be the basis

for discharge). Burgess has therefore alleged violation of a clearly established right.

■ Since Stortini's summary judgment motion was denied after discovery, we must also determine whether the trial court correctly held Burgess had presented a genuine issue of fact as to whether defendants had engaged in the alleged conduct violating plaintiff's clearly established constitutional right. *See, e.g., Roth v. Veteran's Admin.*, 856 F.2d 1401, 1408 (9th Cir. 1988) (upholding denial of summary judgment because of underlying factual issues regarding defendant's conduct); *Schwartzman v. Valenzuela*, 846 F.2d 1209, 1212 (9th Cir.1988) (upholding denial of summary judgment because plaintiff had established "that there exists a jury question on the issue whether his protected activities were a substantial factor in the discharge").[3] We conclude, as did the district court, that Burgess has made a sufficient evidentiary showing to create a genuine issue of material fact as to his allegations.[4]

---

**3.** Though *Mitchell* itself involved only the question of whether the defendants' alleged conduct violated a clearly established right of the plaintiff, the Court noted the different standard to be applied on review after discovery. This review is proper under the collateral order doctrine enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). Such an order must be reviewed before trial or the right, immunity from suit, is effectively lost; the review conclusively determines the defendant's claim of right not to stand trial; and the question of immunity is conceptually divisible from the plaintiff's claim on the merits, since it is the legal question of whether there are genuine issues for the jury.

All circuits facing the issue have held that on appeal from a denial of summary judgment after discovery the court must consider whether there is a genuine issue of fact as to whether defendant engaged in the conduct violating plaintiff's clearly established constitutional right. *See, e.g., Martin v. D.C. Metropolitan Police Dept.*, 812 F.2d 1425, 1434–37 (D.C.Cir. 1987), *vacated in part, en banc reh. granted*, 817 F.2d 144, *original opinion reinstated, reh. dismd., on en banc reconsideration, Bartlett on behalf of Neuman v. Bowen*, 824 F.2d 1240 (1987); *Unwin v. Campbell*, 863 F.2d 124, 128 (1st Cir.1988); *Turner v. Dammon*, 848 F.2d 440, 443 (4th Cir.1988); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir.1986); *Wright v. South Arkansas Regional Health Center, Inc.*, 800 F.2d 199, 203 (8th Cir.1986); *De-*

*Vargas v. Mason & Hanger–Silas Mason Co., Inc.*, 844 F.2d 714, 719 (10th Cir.1988); *Jasinski v. Adams*, 781 F.2d 843, 846 (11th Cir.1986). *Velasquez v. Senko*, 813 F.2d 1509 (9th Cir. 1987), is not to the contrary since discovery had not yet occurred in that case. *Id.* at 1511 n. 3; *see also id.* at 1512 (Hall, J., concurring).

**4.** Evidence supporting Burgess' allegations that Stortini restricted his speech included Burgess' statement in his answer to Stortini's interrogatories, "When ordinance 86–108 [exempting private roads from fire flow standards] was under review, I could not attend any of those meetings when they were preparing this document to go before the full council. When I was allowed to attend the meetings, I had restrictions on what I could say and could not say." Dave Taylor, Pierce County Building Official, testified, "[w]e had weekly manager's meetings. We would talk about what we were doing that week and, during the course, Larry [Frazier—Burgess' immediate supervisor] would say, John [Burgess] you can't go see, you can't do this, you can't do that. John's rules were different than our rules."

Evidence that Burgess' speech was a factor in his termination included his affidavit that the day after seeking a legal opinion in the fire flow dispute Frazier told him "that Stortini was considering terminating me and that he was very upset with the fact that I had been in both the Prosecutor's and Executive's Office contrary to his prior directions that chain of command

Stortini argues his interest as a government employer in "promoting the efficiency of the public services [the government] performs through its employees" outweighs Burgess' first amendment interest, thereby entitling Stortini to qualified immunity. *Pickering v. Board of Educ. of Township High School Dist. 205*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968). However, Burgess has alleged and offered substantial proof that Stortini discharged him in retaliation for speaking out against enforcement of local fire hazard ordinances, not for any disruption to the workplace caused by Burgess' actions. *See supra* note 5. Because Stortini's motives are a matter of factual dispute, we need not decide this issue. *Manhattan Beach Police Officers Ass'n, Inc. v. City of Manhattan Beach*, 881 F.2d 816, 819 (9th Cir.1989).

Accordingly, we affirm the district court's denial of qualified immunity.

AFFIRMED.

should at all times be adhered to." His supervisor also told Burgess "in no uncertain terms that my career future with Pierce County was very much in jeopardy and that if I continued such actions, I would be terminated." According to Taylor, Burgess was "specifically ordered not to have contact with the County Prosecutor's Office.... [or] the County Council."