993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Garry S. GONSALVES, Plaintiff-Appellant,
v.
Esther GALLEGOS, Defendant-Appellee.
 No. 91-16759.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1993.
Decided May 14, 1993.
 
 Before SCHROEDER, PREGERSON and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Garry Gonsalves, the district attorney for Kings County, California, appeals the district court's denial of his motion for summary judgment based on qualified immunity. Esther Gallegos sued Gonsalves under 42 U.S.C. § 1983 alleging that Gonsalves terminated her in retaliation for exercising her First Amendment rights after Gallegos leaked information to the press stating that Gonsalves had misused government property. Gonsalves argues that Gallegos was terminated after an investigation revealed she had misused the office computer system to alter the driving records of her children in order to receive lower insurance rates. It is undisputed that Gallegos engaged in this conduct. Rather, the central factual dispute is whether Gonsalves would have fired Gallegos for misusing the computers regardless of her having leaked information to the local newspaper.
 
 
 3
 The district court denied Gonsalves' motion for summary judgment. The district court first ruled that Gallegos had presented a cognizable claim in federal court because her speech involved a matter of public concern under Connick v. Myers, 461 U.S. 138, 148 (1983). Recognizing that this case is governed by the mixed-motive standard set forth in Mount Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274 (1977), the court then ruled that there was a genuine issue of material fact as to whether the expression was a "substantial" or "motivating" factor in the employer's decision. Finally, the court rejected Gonsalves' motion for summary judgment based on qualified immunity, relying on Burgess v. Pierce County, 918 F.2d 104 (9th Cir.1990). In Burgess, we held that summary judgment on qualified immunity grounds was inappropriate where there was a factual issue as to whether termination would have taken place regardless of constitutionally protected speech. Similarly, the district court ruled that unresolved material issues of fact relating to the motive for termination existed in this case.
 
 
 4
 The only question before this court in this interlocutory appeal is whether the district court properly rejected Gonsalves' summary judgment motion based on qualified immunity. Government officials are entitled to qualified immunity when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Anderson v. Creighton, 483 U.S. 635, 638-40 (1987). Here there is no dispute that the law was clearly established: A public employee may not be terminated for engaging in constitutionally protected conduct like the speech involved in this case. Pickering v. Bd. of Educ., 391 U.S. 563 (1980).
 
 
 5
 Instead, Gonsalves centers his appeal on the contention that questions concerning qualified immunity should be resolved prior to suit. Gonsalves relies on a long list of decisions emphasizing that immunity is an entitlement "from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Specifically, Gonsalves argues that the district court improperly relied on Burgess in light of the more recent Supreme Court decision in Hunter v. Bryant, 112 S.Ct. 534 (1991). The Supreme Court there said: "Immunity ordinarily should be decided by the court before trial." Hunter, 112 S.Ct. at 537. The Court concluded that the real question is "whether the agents acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed five years after the fact." Id.
 
 
 6
 Gonsalves' reliance on Hunter is misplaced. Hunter involved the Fourth Amendment, i.e., whether the officers in that case had probable cause to arrest. Claims of retaliatory termination under the First Amendment, unlike issues of probable cause under the Fourth Amendment, necessarily implicate the motives of the employer. The qualified immunity test "does not rule out the need to inquire into the actual reasons behind an official's conduct when the official's state of mind is a necessary component of the constitutional violation he allegedly committed." Feliciano-Angulo v. Rivera-Cruz, 858 F.2d 40, 45 (1st Cir.1988); see also Burgess, 918 F.2d at 107; Gutierrez v. Mun. Court of Southeast Judicial District, 838 F.2d 1031, 1051 (9th Cir.1988) (qualified immunity unavailable because "where the lawfulness of a challenged act is dependent upon the actor's motive or intent, the purpose for which the act was undertaken must be analyzed"). Burgess remains the law we must follow in this case.
 
 
 7
 Accordingly, the district court's denial of Gonsalves' motion for summary judgment is
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3