15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robin Marie PRATT, The Estate of Robin Marie Pratt, by and
through Larry Dean Pratt, Personal Representative
of the Estate; Larry Dean Pratt,
husband of Robin Marie Pratt,
Plaintiffs-Appellees,
v.
SNOHOMISH COUNTY; et al., Defendants,
and
Lawrence Kalsbeek, in his capacity as Chief of Police of the
City of Lynnwnood and as an individual; Paul W. Wunders, in
his capacity as a police officer for the City of Lynnwood
and as an individual; Karen Manser, in her capacity as a
police officer for the City of Lynnwood and as an
individual, Defendants-Appellants.
 No. 93-35658.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1994.
Decided Jan. 14, 1993.
 
 1
 Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I. JURISDICTION
 
 3
 This court has jurisdiction to hear defendants' appeal. An order denying a motion for summary judgment on a claim of qualified immunity is immediately appealable, Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 113 S.Ct. 684, 687 (1993); Act Up!/Portland v. Bagley, 988 F.2d 868, 870 (9th Cir.1993), "to the extent that it turns on an issue of law." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Velasquez v. Senko, 813 F.2d 1509, 1511 (9th Cir.1987).
 
 
 4
 The defendants are charged with violating Sec. 1983 under two theories. The first is that they obtained the warrant when they knew or should have known it was not supported by probable cause. McKenzie v. Lamb, 738 F.2d 1005, 1007 (9th Cir.1984). Whether the defendants are immune from suit under this theory of liability depends on whether "a reasonable officer in [their] position could have believed, in light of clearly established legal principles,"[1] Act Up!, 988 F.2d at 873, that there was probable cause for the arrest. Palmer v. Sanderson, No. 92-35290, slip op. 13167, 13174 (9th Cir. Nov. 21, 1993). Since the underlying facts are not disputed, this is a purely legal issue. Act Up!, 988 F.2d at 973.
 
 
 5
 The second theory of liability is that defendants knowingly or recklessly omitted material information from the affidavit in support of the warrant. Franks v. Delaware, 438 U.S. 154, 155-56 (1978). The defendants are immune from suit under this theory unless Pratt makes a "substantial showing of deliberate falsehood or reckless disregard for truth and [establishes] that, but for the dishonesty, the challenged action would not have occurred." Branch v. Tunnell, 937 F.2d 1382, 1388 (9th Cir.1991) (citations and internal quotations omitted). Whether this standard is met is also a legal issue.
 
 II. DENIAL OF SUMMARY JUDGMENT
 
 6
 The district court properly concluded the defendants were not entitled to summary judgment on the grounds of qualified immunity.[2] The affidavit in support of the arrest warrant was based solely on Sam Blackburn's assertions that 1) Larry Pratt was the "triggerman" in the armored car robbery; 2) he attended a "planning meeting" hosted by Pratt several weeks before the robbery; 3) Paul Pratt, another participant in the robbery, had asked Blackburn to help him dispose of the "getaway car" from the robbery by dumping it in a nearby river; and 4) proceeds from the robbery had been deposited in the account of Angela Blackburn, one of Blackburn's relatives. Although these assertions were critical to a finding of probable cause, there was no evidence of any consequence to verify their accuracy.[3] Blackburn's identification of Pratt as the triggerman was based solely on a statement made by one of Blackburn's relatives while he was drunk, and no additional evidence of Pratt's involvement was ever obtained; whether the "planning meeting" ever occurred was not verified; no "getaway car" of the type described by Blackburn was ever found; the whereabouts of the other people Blackburn identified in connection with the robbery were not investigated before the warrant was obtained; the police did not determine whether any money had been deposited in Angela Blackburn's account; and there was no corroborating evidence suggesting Pratt was even in the vicinity of the robbery when it occurred.[4] Finally, the defendants knew before the warrant was issued that 1) Pratt had not moved into the apartment he supposedly used to host the planning meeting until well after Blackburn said the meeting occurred; 2) there was evidence suggesting Blackburn was in Alaska at the time of the meeting and 3) Larry Pratt did not match the description given to the police of the "triggerman," and they have pointed to no additional, contrary facts supporting probable cause. Palmer, No. 92-35390, slip op. at 13174 (qualified immunity properly denied where officer presented "no evidence that would justify [his actions].").
 
 
 7
 The evidence also showed the defendants recklessly omitted material information from the affidavit. The date Pratt moved into the apartment, the evidence suggesting Blackburn was in Alaska and the fact Pratt did not fit the description of the "triggerman" were all left out. These facts were critical to the probable cause determination, Bruning v. Pixler, 949 F.2d 352, 357 (10th Cir.1991) ("Recklessness may be inferred from omission of facts which are 'clearly critical' to a finding of probable cause."); see also U.S. v. Stanert, 762 F.2d 775, 781 (9th Cir.), amended on other grounds, 769 F.2d 1410 (9th Cir.1985) (recklessness inferred from omission of fact that explosion at residence, which supported probable cause, occurred before defendant moved in); Golino v. City of New Haven, 950 F.2d 864, 871 (2d Cir.1991) (omission of fact that suspect did not match description of criminal indicated recklessness and supported denial of qualified immunity). Omission of these critical facts deprived the defendants of qualified immunity. Golino, 950 F.2d at 871 ("Where an officer knows, or has reason to know, that he has materially misled a magistrate on the basis for a finding of probable cause, as where a material omission is intended to enhance the contents of the affidavit as support for a conclusion of probable cause, the shield of qualified immunity is lost." (citations omitted)).
 
 
 8
 The district court properly concluded as a matter of law that the defendants are not entitled to qualified immunity and denied their motion for summary judgment. AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues, and we will not repeat them
 
 
 [1]
 The defendants concede the law governing their conduct was clearly established
 
 
 [2]
 Defendants argue the district court applied the wrong evidentiary standard when it concluded sufficient evidence was presented to create a qualified immunity question for the jury. They argue that on the issue of qualified immunity, the burden of production at summary judgment is inverted:
 While ordinarily a court grants summary judgment only if no reasonable jury could find for the non-moving party, a court grants summary judgment based on qualified immunity only if a reasonable officer could find the defendant's actions justified. When reasonable minds could differ, in the typical summary judgment decision the balance tips in favor of the nonmovant while in the qualified immunity context the balance favors the movant.
 Ellis v. Wynalda, 999 F.2d 243, 246 n. 2 (7th Cir.1993). Assuming this is true, we nonetheless conclude the plaintiffs have satisfied their burden and the denial of summary judgment was proper.
 
 
 [3]
 To the contrary, FBI Special Agent Sean O'Brien, who interviewed Blackburn before the warrant was issued, expressed serious doubts about whether probable cause existed, and Lou Reiter, a law enforcement expert, concluded no reasonable officer would have believed probable cause existed
 
 
 [4]
 Contrary to the defendants' contention, this lack of corroboration does not merely support a claim of "negligent investigation." Rather, it shows the absence of any evidence supporting the claim that the defendants could reasonably have believed probable cause existed