William R. SCHWARTZMAN, M.D.,
Plaintiff–Appellee,

v.

Fred VALENZUELA; Bamford Frankland, Defendants–Appellants,

David Swoap, Defendant.

No. 87–1733.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1988.

Decided May 17, 1988.

Carol S. Kallai and Janet G. Sherwood, Deputy Attys. Gen., San Francisco, Cal., for defendants-appellants.

John Houston Scott, San Francisco, Cal., for plaintiff-appellee.

Before GOODWIN and NELSON, Circuit Judges, and BREWSTER,[*] District Judge.

GOODWIN, Circuit Judge:

William Schwartzman brought this action pursuant to 42 U.S.C. § 1983 (1982) against various state officials, contending that they fired him in retaliation for exercising his right of free speech. This interlocutory appeal is allowed by *Mitchell v. Forsyth,* 472 U.S. 511, 528–30, 105 S.Ct. 2806, 2816–18, 86 L.Ed.2d 411 (1985), to review a district court's denial of a motion for summary judgment based on a claim of qualified immunity.

Schwartzman was employed as a staff psychologist at Napa State Hospital during the 1960s and resumed work there in 1978. Beginning in 1982, Schwartzman became involved in a series of disputes with hospital management. He was discharged in 1985.

Appellants Fred Valenzuela and Bamford Frankland, California state officials who were administrators of the hospital, contend that Schwartzman was discharged for rudeness and neglect of duties. Schwartzman claims that he was fired because he publicly criticized the hospital for unnecessarily administering psychotropic drugs, failing to provide safe work conditions, and inadequately supervising a penal code patient who raped and killed one of Schwartzman's patients. This case is a garden variety factual dispute over a job termination, the resolution of which is essentially a question of credibility and weight of evidence.

The defendants moved for summary judgment on two grounds: (1) absolute immunity, and (2) qualified immunity. The district court denied that motion, finding that Schwartzman had stated a claim and presented evidence from which a jury could reasonably infer that he would not have been fired but for his protected activities. The district court correctly held that the doctrine of qualified immunity did not preclude the claim and correctly rejected the appellants' assertion that they were absolutely immune to suit. We affirm.

Although interlocutory appeals from the denial of motions for summary judgment are disfavored under 28 U.S.C. § 1291 (1982) because there is no final judgment, the Supreme Court has authorized limited appellate review of a denial at the pretrial stage of a defense of immunity. *See Mitchell,* 472 U.S. at 528–30, 105 S.Ct. at 2816–18 (qualified immunity); *Nixon v. Fitzgerald,* 457 U.S. 731, 742, 102 S.Ct. 2690, 2697, 73 L.Ed.2d 349 (1982) (absolute immunity). State government defendants apparently now deem it mandatory to bring these appeals from any adverse ruling, no matter how clearly correct the trial court's decision.

---

[*] Honorable Rudi M. Brewster, United States District Judge, Southern District of California, sitting by designation.

## 1. *Absolute Immunity.*

The appellants argue that they are entitled to absolute immunity because their decision to initiate and pursue disciplinary proceedings against the plaintiff was quasi-prosecutorial in nature. *See Butz v. Economou,* 438 U.S. 478, 515–16, 98 S.Ct. 2894, 2915–16, 57 L.Ed.2d 895 (1978) (affording absolute immunity to agency officials performing quasi-prosecutorial functions).

The *Butz* opinion emphasized, however, that federal executive officials generally are entitled only to qualified immunity, "subject to those exceptional situations where it is demonstrated that absolute immunity is essential for the conduct of the public business." *Id.* at 507, 98 S.Ct. at 2911. State executive branch officers stand on the same footing. Any doubt about the narrow scope of immunity was removed by *Forrester v. White,* — U.S. ——, 108 S.Ct. 538, 542, 98 L.Ed.2d 555 (1988) (observing that the Supreme Court "has generally been quite sparing in its recognition of claims to absolute official immunity," especially where such immunity is not based upon "express constitutional or statutory enactment"). The appellants have failed to demonstrate that absolute immunity "is justified by overriding considerations of public policy." *See id.* at 542. The appellants did not have the benefit of *Forrester* when they presented this argument, and we will dwell on it no further.

## 2. *Qualified Immunity.*

The appellants next argue that the district court should have granted them summary judgment based upon qualified immunity against suit. The defense of qualified immunity is drawn from this principle: "[G]overnment officials performing discretionary functions ... generally are shielded from liability for civil damages insofar as their conduct does not violate clearly estab-

lished statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

The Supreme Court has limited the scope of interlocutory appellate review of a claim of immunity:

An appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim. All it need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions....

*Mitchell,* 472 U.S. at 528, 105 S.Ct. at 2816–17.[1] A footnote provides further clarification:

We emphasize at this point that the appealable issue is a purely legal one: whether the facts alleged ... support a claim of violation of clearly established law.

*Id.* 472 U.S. at 528 n. 9, 105 S.Ct. at 2816 n. 9.

The "clearly established law" test requires more than an alleged "violation of extremely abstract rights." *Anderson v. Creighton,* — U.S. ——, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 3039. In other words, "in the light of preexisting law the unlawfulness must be apparent." *Id.*

▇▇▇ At the time of Schwartzman's termination in May 1985, a government employee could not with impunity be discharged in retaliation for the exercise of his first amendment rights. *See, e.g., Mt. Healthy*

---

**1.** The Court, in rejecting the claim that the inquiry it authorized was not "separate from the merits" as required for interlocutory appealability under *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), acknowledged that "the resolution of these legal issues will entail consideration of the factual allegations that make up the

plaintiff's claim for relief." *Mitchell,* 472 U.S. at 528, 105 S.Ct. at 2817. It found, however, that "a question of immunity is separate from the merits of the underlying action for purposes of the *Cohen* test even though a reviewing court must consider the plaintiff's factual allegations in resolving the immunity issue." *Id.* at 528–29, 105 S.Ct. at 2816–17.

**1212**

*City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 283–84, 97 S.Ct. 568, 574–75, 50 L.Ed.2d 471 (1977) (a discharged government employee may "establish a claim to reinstatement if the decision not to rehire him was made by reason of his exercise of constitutionally protected First Amendment freedoms"). *Cf. Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972) (observing that the government "may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech"). Schwartzman has alleged facts that "support a claim of violation of clearly established law." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738; *Mitchell,* 472 U.S. at 528 n. 9, 105 S.Ct. at 2816 n. 9.

Schwartzman's documentary materials contained strong circumstantial evidence that he was discharged in retaliation for his speech. Although Schwartzman worked at Napa State Hospital for a number of years, the administration did not suggest that his conduct was deficient until after he began criticizing hospital procedures publicly. Additionally, Schwartzman presented evidence indicating that hospital administrators were aware of his criticism. Given "the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision," a jury logically could infer that Schwartzman was terminated in retaliation for his speech. *See Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir.1987) (discussing the causation element of a prima facie Title VII case). Additionally, Schwartzman presented a memorandum from the hospital's clinical director warning him that he was not authorized to speak out on certain employee matters that were then in dispute at the hospital.[2] Based upon this evidence, the trial court correctly

held that Schwartzman had presented a genuine issue of fact concerning the question whether his speech was a substantial factor in his termination. *See Allen v. Scribner,* 812 F.2d 426, 436 (9th Cir.1987) (observing that the issue of motivation generally presents a jury question), *amended,* 828 F.2d 1445 (9th Cir.1987).

Because Schwartzman has established that there exists a jury question on the issue whether his protected activities were a substantial factor in the discharge, summary judgment may not be granted to the appellants on the basis of their claim that Schwartzman's termination would have been justified on other grounds. "The evidence put forward by the defendants is definitive only in establishing that [plaintiff] *could* have been transferred ... because of his non-protected activity ... and not that he *would* have been transferred.... That [plaintiff's] insubordinate conduct might have justified an adverse employment decision ... does not suffice." *Id.* at 435.

We therefore affirm the district court's denial of summary judgment. *Velasquez v. Senko,* 813 F.2d 1509 (9th Cir.1987); *White by White v. Pierce County,* 797 F.2d 812 (9th Cir.1986), *Kraus v. County of Pierce,* 793 F.2d 1105 (9th Cir.1986).

AFFIRMED.

---

2. The appellants argue that this memorandum was not before the district court at the time that it granted summary judgment because the plaintiff did not present it in opposition to defendants' motion for summary judgment. We find, however, that the court could consider the memorandum because it had been filed as an exhibit to the plaintiff's declaration opposing a preliminary injunction. *See* Fed.R.Civ.P. 56(c) (requiring the trial court to base its decision to grant or deny summary judgment upon "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any").