21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
S. David AVIEL, Plaintiff-Appellant,
v.
Maurice DANCE; Jay Tontz, et al., Defendants-Appellees.
 No. 92-15619.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1993.
Decided April 14, 1994.
 
 Before: BOOCHEVER, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Professor S. David Aviel sued five administrators ("appellees") at California State University at Hayward ("CSUH") for violating his civil rights under 42 U.S.C. Sec. 1983 and for several pendent state law claims. Aviel claims that appellees took the following actions in retaliation for a lawsuit he filed against CSUH in February 1989: (1) in Summer 1990, appellees unilaterally docked Aviel's pay $8,800 without notice; (2) in Summer 1990, appellees attempted to demote Aviel, thereby reducing his salary $16,000 annually; (3) in Summer 1990, appellees tried to discipline Aviel for a purchasing procedures irregularity involving $29, which the University later determined was petty; and (4) in February 1991, a Board of CSUH administrators denied Aviel a research grant.
 
 
 3
 The district court granted summary judgment for appellees on the section 1983 claims and dismissed the pendent state claims on Eleventh Amendment grounds. Aviel timely appealed.
 
 
 4
 * To recover under 42 U.S.C. Sec. 1983 for retaliation against the exercise of protected speech, a plaintiff must show that his or her speech was a "substantial" or "motivating" factor of the defendant's allegedly retaliatory conduct. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Thus, to survive summary judgment, Aviel must raise a genuine issue of appellees' improper motive.
 
 
 5
 Aviel contends that he has tendered sufficient circumstantial evidence to raise a genuine issue of material fact whether the 1989 lawsuit was the motivating factor for the disciplinary actions. First, appellees in the current case were colleagues of the defendants in the 1989 lawsuit and one current appellee was a witness for the 1989 defendants. Second, a former chairperson of the department testified that Aviel's 1989 lawsuit "doesn't sit well with a lot of people."
 
 
 6
 Appellees point to evidence that there was no retaliation related to the February 1989 lawsuit. First, Aviel received an earlier research grant in May of 1989, three months after he filed the lawsuit. If appellees were truly angered by appellant's lawsuit, they argue, it is more likely that they would have denied this earlier research grant, rather than the grant almost two years later. Second, appellees claim that they took disciplinary action against Aviel because of his abrupt departure for Israel in the middle of the Spring 1990 semester. Appellees assert that the students were confused and upset by the change in professors mid-semester and that Aviel did not have proper approval for his trip.
 
 
 7
 Aviel cites six cases holding that summary judgment is usually inappropriate in section 1983 cases when a plaintiff claims that he or she was punished in retaliation for protected speech and motive is at issue. In three of the cases Aviel cites, the plaintiff presented direct evidence of the defendants' improper motive. Mt. Healthy City, 429 U.S. at 283 n. 1; Burgess v. Pierce County, 918 F.2d 104, 106 n. 4 (9th Cir.1990); Peacock v. Duval, 694 F.2d 644, 647 (9th Cir.1982). Appellant has offered no direct evidence in this case, so these cases are inapposite.
 
 
 8
 In the three remaining cases, the plaintiff presented strong circumstantial evidence of the defendants' improper motive. For example, in Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310 (9th Cir.1989), the plaintiff "described a telephone conversation between himself and [the defendant] in which [the defendant] allegedly intimated that he would 'somehow get even' with" the plaintiff for his protected speech. Id. at 1315. In Schwartzman v. Valenzuela, 846 F.2d 1209 (9th Cir.1988), the plaintiff produced a memorandum from the defendants "warning him that he was not authorized to speak out on certain employee matters that were then in dispute at the hospital." Id. at 1212. In Allen v. Scribner, 812 F.2d 426 (9th Cir.1987), one defendant had "allegedly issued to [the plaintiff] a threat meant to keep the [plaintiff] from airing any of his opinions publicly." Id. at 428. Another defendant had "allegedly told [the plaintiff] to cancel a scheduled media interview and prohibited him from granting any further interviews." Id. at 429. In all three cases, there was strong circumstantial evidence that the defendants wanted to prevent or were angered by the plaintiff's speech and punished him because he did not relent.
 
 
 9
 In the case before us, there is no link between the protected speech and appellees. Aviel's strongest piece of circumstantial evidence is a statement by a former department chairperson that the 1989 lawsuit "somehow doesn't sit well with a lot of people." However, this provides no link to these five appellees. No current appellee was a defendant in the prior lawsuit. While Aviel alleges that these appellees knew about the 1989 lawsuit, he has advanced no evidence that these five appellees even had an opinion on the issue, let alone cared enough to retaliate against appellant through disciplinary procedures. Furthermore, all of appellees' conduct took place at least a full year after the 1989 lawsuit. Aviel's specific allegations merely prove that appellees probably do not like him, but none of these allegations link appellees' conduct to the 1989 lawsuit. Furthermore, appellees have undertaken actions since the 1989 lawsuit which suggest that they bear no animus because of the lawsuit. For example, although Aviel was denied a research grant in 1991, he was awarded a similar grant in May 1989 after the lawsuit was filed.
 
 
 10
 In sum, Aviel's speculations of improper motive do not rise to the level of "strong circumstantial evidence" necessary to survive grant of summary judgment to appellees.
 
 II
 
 11
 Aviel appeals the district court's dismissal of his pendent state law claims. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984), established that for Eleventh Amendment purposes state officials may not be sued in federal court for violations of state law. This bar cannot be circumvented by naming defendants in their individual capacity if "the state is the real, substantial party in interest." Id. at 101 (citations omitted). Pennhurst held that "the general criterion for determining when a suit is in fact against the sovereign is the effect of the relief sought." Id. at 107 (emphasis in original).
 
 
 12
 Appellees argue that the state is the real party in interest under Cal.Govt.Code Sec. 825, which provides for indemnification of damage awards against state officials for acts committed while performing official duties. The district court was persuaded that because the state would ultimately pay any resulting damages, it was the real party in interest and Eleventh Amendment immunity applied.
 
 
 13
 California's indemnification program does not expand Eleventh Amendment immunity to cover state officials sued in their individual capacities. In Ronwin v. Shapiro, 657 F.2d 1071 (9th Cir.1981), we held that a state indemnification plan did not immunize individual state officials from state law claims in a federal court because "a state should not be able to turn a purely intramural arrangement with its officers into an extension of sovereign immunity." Id. at 1074 (quoting Laurence H. Tribe, American Constitutional Law 132-33 n. 22 (1978)). Furthermore, in Demery v. Kupperman, 735 F.2d 1139 (9th Cir.1984), cert. denied, 469 U.S. 1127 (1985), this circuit specifically held that Cal.Govt.Code Sec. 825 does not immunize officials in federal section 1983 actions. Id. at 1146-49. The district court nevertheless reasoned that Demery was inapplicable because it involved a federal claim, not a state claim as at issue here. We disagree. Although Demery involved a federal claim, the principle is the same. The logic of Ronwin and Demery survive Pennhurst. Section 825 does not establish Eleventh Amendment immunity.
 
 
 14
 We remand the state claims to the district court for further proceedings. However, because the federal cause of action has been adjudicated, the district court has discretion to dismiss state claims for lack of jurisdiction. 28 U.S.C. Sec. 1367(c); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). In making its decision, the district court should consider whether appellant would be precluded from bringing suit in state court due to application of the statute of limitations.
 
 
 15
 AFFIRMED in part, REVERSED and REMANDED in part; each party to bear its own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3