37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerry SANDSCHULTE, Plaintiff-Appellant,
v.
CITY OF BLACK DIAMOND, A Municipal Corporation; Keith
Olson; Jane Doe Olson, and the Marital Community
Comprised Thereof; Howard Botts; Jane
Doe Botts, Defendants-Appellees.
 No. 94-35083.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Sandschulte appeals the district court's summary judgment in favor of defendants in Sandschulte's 42 U.S.C. Sec. 1983 action alleging that he was discharged as a maintenance worker for the City of Black Diamond in violation of the First and Fourteenth Amendments. Sandschulte also appeals the district court's denial of his motion for reconsideration under Fed.R.Civ.P. 59(e). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm in part, reverse in part, and remand.
 
 
 3
 * Background
 
 
 4
 Sandschulte brought a 42 U.S.C. Sec. 1983 civil rights action against the City of Black Diamond ("City"), Mayor Howard Botts, and Sandschulte's former supervisor Keith Olson alleging that he was discharged from his position as a city maintenance worker in retaliation for reporting work safety violations and for speaking out about environmental hazards at the City's wastewater treatment plant. Defendants contend that Sandschulte was fired for violating work orders. After discovery, defendants moved for summary judgment. The district court granted the motion finding that Sandschulte failed to provide sufficient direct evidence that his protected conduct was the substantial or motivating factor behind his termination.[1] Sandschulte moved for relief from judgment pursuant to Fed.R.Civ.P. 59(e) contending that circumstantial evidence of improper motive is sufficient in this circuit. Although the district court agreed with Sandschulte's contention, it nevertheless denied the motion based on its finding that Sandschulte also failed to provide sufficient circumstantial evidence of Olson's improper motive. Sandschulte appeals the district court's summary judgment in favor of Olson.
 
 II
 Merits
 
 5
 We review the district court's summary judgment de novo. Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990). Summary judgment is proper if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Smolen, 921 F.2d at 963. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and present specific facts that show there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Smolen, 921 F.2d at 963.
 
 
 6
 Terminations that allegedly violate the First and Fourteenth Amendments are subjected to a three-part test to determine whether constitutional rights have been violated. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Gillette v. United States, 886 F.2d 1194, 1197 (9th Cir.1989). First, the terminated employee must establish that the relevant conduct was constitutionally protected. Second, the employee must prove that the constitutionally protected conduct was the "substantial" or "motivating" factor behind the termination. Third, once the terminated employee has established the first two elements, the employer must prove that it would have made the same decision to terminated even if the employee had not engaged in the protected conduct. Mt Healthy, 429 U.S. at 287; Gillette, 886 F.2d at 1197.
 
 
 7
 In a case where subjective intent is an element of the constitutional tort action, "[t]he court must satisfy itself that there is sufficient 'direct or circumstantial evidence' of intent to create a genuine issue of fact for the jury, before it can deny summary judgment on the ground of immunity." Lindsey v. Shalmy, No. 92-15938, slip op. at 7708 (9th Cir. July 14, 1994) (quoting Branch v. Tunnell, 937 F.2d 1382, 1387 (9th Cir.1991)).
 
 
 8
 Defendants do not contest that the speech at issue is protected by the First Amendment. Thus, the issue on appeal is whether Sandschulte provided sufficient direct or circumstantial evidence of unlawful intent to create a genuine issue of fact for the jury. See id. We conclude that there was sufficient evidence of unlawful intent presented by Sandschulte to withstand defendants' motion for summary judgment.
 
 
 9
 In support of his allegation of retaliatory discharge, Sandschulte submitted evidence that he made several complaints about environmental and workplace safety problems to Olson, Botts, and the Washington State Department of Labor & Industries ("L & I"), including a complaint filed with L & I in June of 1992 regarding a job injury. Defendants admitted that L & I conducted an investigation and levied a small fine against the City. In addition, Olson admitted in his affidavit that the timing of the complaint suggested that it had been filed by Sandschulte. Sandschulte also submitted evidence that his performance review dropped following the filing of the complaint and that he was subjected to various forms of harassment, including "unfounded disciplinary reprimands for behavior that other employees are not disciplined for." On October 20, 1992, Sandschulte delivered a letter to Olson addressing his concerns about the water treatment plant. Sandschulte was terminated on October 21, 1992.[2]
 
 
 10
 "Given 'the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the alleged retaliatory employment decision,' a jury logically could infer that [Sandschulte] was terminated in retaliation for his speech." See Schwartzman v. Valenzuela, 846 F.2d 1209, 1212 (9th Cir.1988) (quoting Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir.1987)). Thus, Sandschulte has presented sufficient circumstantial evidence that his protected activities were a substantial factor in his discharge to create an issue for the jury. See Lindsey, slip op. at 7708.
 
 
 11
 Olson argues, however, that Sandschulte would have been terminated in the absence of the protected conduct. Olson submitted evidence that Sandschulte received three written reprimands in approximately three months and that he terminated Sandschulte for violating work orders.[3] In opposition, Sandschulte submitted evidence that the reprimands were a mere pretext.[4] See Gillette, 886 F.2d at 1198.
 
 
 12
 Viewing the evidence in the light most favorable to Sandschulte, there is a genuine issue regarding Olson's motivation for discharging Sandschulte. Accordingly, the district court erred by granting summary judgment for Olson. See id. Olson argues, however, that the district court's judgment should be affirmed because Olson is entitled to qualified immunity because Sandschulte failed to establish that Olson's conduct was objectively unreasonable. The burden, however, is on Olson to establish that his conduct was reasonable even though it might have violated constitutional standard. See Armendariz v. Penman, slip op. at 8720-21 (9th Cir. Aug. 1, 1994). Accordingly, we affirm the district court's summary judgment for the City and Botts and reverse the district court's summary judgment for Olson and remand for further proceedings.
 
 B. Attorney's Fees
 
 13
 Sandschulte seeks attorney's fees on appeal under 42 U.S.C. Sec. 1988. In this circuit, section 1988 fees are ordinarily available to compensate attorneys for successful litigation of their fee applications, including work on appeal. See Cunningham v. County of Los Angeles, 879 F.2d 481, 490 (9th Cir.1990). We conclude that Sandschulte is entitled to recover his reasonable attorney's fees on this appeal. Appellee to pay costs.[5]
 
 
 14
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court granted summary judgment in favor of the City and Botts, finding that Sandschulte's termination was not the result of the City's policy or custom and that Botts did not participate in the decision to terminate Sandschulte. See Gillette v. Delmore, 979 F.2d 1342, 1345 (9th Cir.1992). Because Sandschulte raises no issues regarding the district court's summary judgement for the City or Botts, we affirm as to these defendants
 
 
 [2]
 Defendants contend that the letter was not delivered until October 21, 1992 and that the letter was not reviewed prior to Sandschulte's termination
 
 
 [3]
 On September 1, 1992, Sandschulte was reprimanded for failing to provide a note from his doctor documenting a July 31, 1992 doctor's visit. On October 8, 1992, Sandschulte received a reprimand for failing to report to the office hourly while working with power equipment in remote locations in violation of policy # 9291101. On October 21, 1992, Sandschulte received a reprimand for using equipment in an unsafe manner
 
 
 [4]
 Regarding the first reprimand, Sandschulte presented evidence that he delivered a note from his counselor regarding the his doctor's visit to Olson on August 26, 1992, and that due to the personal nature of the note he refused to allow it to become part of his personnel file
 Regarding the second reprimand, Sandschulte presented evidence that he did not violate policy # 9291101. Regarding the third reprimand, Sandschulte presented evidence that contradicts the evidence submitted by Olson regarding the circumstance surrounding the issuance of the reprimand.
 
 
 [5]
 Given our disposition of this appeal, we need not consider whether the district court erred by denying Sandschulte's Rule 59(e) motion