111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jean-Jacques GARBARZ, Plaintiff-Appellant,
v.
COUNTY OF ALAMEDA; Highland General Hospital; R.J.
Allister; Tita Botello, Defendants-Appellees.
 Nos. 96-15185, 96-15819.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 14, 1997.
Decided April 16, 1997.
 
 Before: SKOPIL, CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jean-Jacques Garbarz appeals summary judgment and judgment as a matter of law on his claim under 42 U.S.C. § 1983 that the County of Alameda, Highland General Hospital, Highland Chief Psychiatrist R.J. Allister, and Associate Chief Psychiatrist Tita Botello (collectively, the Hospital) relieved him of duties at Highland's Psychiatric Emergency Services (PES) unit and constructively discharged him from his job at the hospital in retaliation for his engaging in protected speech by threatening to report and reporting patient care abuses to a state agency. The Hospital cross-appeals the district court's denial of its petition for attorneys' fees under 42 U.S.C. § 1988. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Garbarz argues that protesting patient care abuse was protected conduct, and because it was followed by an adverse employment decision the jury should have decided whether it was retaliatory. However, we agree with the district court that while threatening to call the state and actually doing so were protected conduct, no reasonable juror could find by a preponderance of the evidence that Garbarz's threats or complaints were a substantial or motivating factor in the Hospital's decision to relieve him from PES duty. Rather, the undisputed evidence shows that Botello told Garbarz he was unfit to work in the PES unit on April 21 following Garbarz's outbursts in the unit, and that Botello and Allister decided to remove Garbarz from PES duty on April 22. Nothing suggests that the Hospital knew that Garbarz had complained to the state before the investigator visited the PES unit April 26, or even then. Cf. Schwartzman v. Valenzuela, 846 F.2d 1209 (9th Cir.1988). Nor do statements by Botello and Allister to the effect that Garbarz should not have threatened the nursing staff with going to the state indicate that their job action was because of the threat rather than the way he did it. Unlike Mabey v. Reagan, 537 F.2d 1036 (9th Cir.1976), there is no question whether Garbarz's speech was protected, as everyone agrees it was; by the same token, there is no dispute that Garbarz's conduct was unprofessional or that the Hospital's stated reason for removing him from the PES unit was truthful. Cf. Peacock v. Duval, 694 F.2d 644 (9th Cir.1982).
 
 
 4
 Garbarz suggests that an adverse inference should be drawn from the fact that other physicians who had been removed from PES duties were not given a memorandum identifying unprofessional conduct as the reason; the fact that he wasn't given progressive discipline prior to removal or a chance to try to work out differences with the nurses; and that he was rebuffed when he wanted to bring an attorney along to discuss the matter. But there is no evidence that these physicians behaved as he had and were treated differently, or that the Hospital's conduct was not a proper way to handle the dispute with Garbarz.
 
 
 5
 As all the evidence indicates that Garbarz was removed from the PES unit because the Hospital disapproved of his decorum and that he would have been removed for that reason regardless of his calling or threatening to call the state, the district judge did not err in granting judgment as a matter of law for the Hospital.
 
 II
 
 6
 Garbarz's constructive discharge claim fails because there is no evidence of a pattern of discriminatory treatment. All of the acts that Garbarz identifies occurred between April 21 and April 30, and were rational responses to Garbarz's outburst of April 21. There is no evidence of aggravating factors; Garbarz simply quit, and that does not suffice to support a finding of constructive discharge. See Sanchez v. City of Santa Ana, 915 F.2d 424, 431 (9th Cir.1990).
 
 III
 
 7
 Since judgment as a matter of law was proper on Garbarz's § 1983 retaliation claim and summary judgment was proper on Garbarz's constructive discharge claim, we need not decide whether the district judge erred in dismissing these claims against Alameda County and Highland General Hospital on the ground of absolute immunity.
 
 IV
 
 8
 Finally, we cannot say that the district court abused its discretion in denying the Hospital's request for attorneys' fees. Garbarz's action was not "frivolous, unreasonable, or without foundation." Ellis v. Cassidy, 625 F.2d 227, 230 (9th Cir.1980).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3