141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gene CARBELLA, Plaintiff-Appellant,
v.
Clark County School District, Jack Lazzarotto, and Sid
Franklin, Defendants-Appellees.
 No. 97-15755.
D.C. No. CV-S-94-977-DWH (LRL).
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Mar. 12, 1998.
Decided Mar. 27, 1998.
 
 Appeal from the United States District Court for the District of Nevada David Warner Hagen, District Judge, Presiding.
 Before CANBY and REINHARDT, Circuit Judges, and RESTANI,** United States Court of International Trade Judge.
 MEMORANDUM*
 Plaintiff-appellant Gene Carbella, a former school police officer and President of the Police Officers Association (POA), appeals the district court's grant of summary judgment in his § 1983 action against defendants-appellees Clark County School District (the "School District"), Jack Lazzarotto, Director of School Security, and Sid Franklin, Assistant Superintendent. Carbella seeks damages and an injunction ordering his reinstatement on the ground that he was discharged in retaliation for engaging in protected First Amendment speech and association. In response, the defendants assert that Carbella was fired because the School District discovered that he falsified his employment application by omitting a prior criminal conviction. We reverse.
 * Carbella argues that the district court erred in concluding that no genuine issue of material fact exists as to whether his termination constituted an infringement of his First Amendment rights to free speech and association. The defendants concede that Carbella's organization's support of a school board candidate and Carbella's statements to the newspapers involved matters of public concern and, therefore, were protected by the First Amendment. See, e.g., Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). The defendants contend, however--and the district court agreed--that Carbella has not raised a genuine issue of fact as to whether his protected activity was a substantial or motivating factor in their decision to discharge him.
 The test for evaluating a First Amendment retaliation claim involves a two-part analysis. "First, the plaintiff must show that his protected conduct was a substantial or motivating factor in the defendant's decision. Then, the burden shifts to the defendant to demonstrate that the same decision would have been made in the absence of the protected conduct." Clements v. Airport Auth., 69 F.3d 321, 334 (1995); accord Mt. Healthy City Sch. Dist. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). We conclude that a genuine issue of material fact exists as to each of these inquiries.
 A. "Substantial or Motivating Factor"
 An "employer's knowledge that the plaintiff engaged in protected activities and [a close] proximity in time between the protected action and the allegedly retaliatory employment decision" can raise an inference of retaliatory motive sufficient to preclude summary judgment on the question of motivation. Schwartzman v. Valenzuela, 846 F.2d 1209, 1212 (9th Cir.1988); see also Clements, 69 F.3d at 334-35 (reversing grant of summary judgment in part because evidence indicated decisionmakers had knowledge of plaintiff's speech); Stever v. Independent Sch. Dist. No. 625, 943 F.2d 845, 852 (8th Cir.1991) (holding that suspicious sequence of events and decisionmaker's knowledge of protected activity "raises an inference of retaliatory motive"). The factual circumstances surrounding Carbella's organization's controversial endorsement of the challenger to an incumbent office-holder--including the strong reaction of School District officials to the endorsement followed by Carbella's even stronger responsive public comments--are sufficient to warrant such an inference with respect to Carbella's discharge, assuming that at the relevant times the defendants were aware of the organization's actions.
 It is undisputed that Carbella's protected activity occurred in close proximity to his dismissal. Given the suspicious sequence of events, the remaining question is whether there exists any genuine issue as to whether the defendants were aware of the protected activities before they took the allegedly retaliatory action. We hold that a genuine issue exists as to each defendant. Officer Bonati's affidavit states that he told Franklin of the POA's endorsement in September, 1992, the month before Carbella was ordered fingerprinted. Lazzarotto was with Franklin at the October 20 meeting with POA's members, which was held without Carbella's presence or prior knowledge, and at which Franklin berated the membership for its endorsement. Lazzarotto did not order the fingerprinting of the allegedly unprinted officers until October 23, and did not recommend that Carbella be terminated until December 17, 1992.[1]
 Finally, we think a reasonable jury could infer that the POA's support of a challenger for the school board, and Carbella's vocal criticism of Franklin, would have been common knowledge among the School District's administrators, including those who exercised decisionmaking authority regarding Carbella's employment status. Lazzarotto, who was keenly aware of Carbella's protected activities, assisted the School District's personnel department in investigating Carbella and was present at the evidentiary hearing that resulted in Carbella's discharge. Carbella's comments accusing Franklin of attempting to coerce the POA into supporting the school board incumbent appeared in the local papers, The Las Vegas Sun and the Review-Journal. Those articles were published on October 22, well before Carbella's termination. A jury could infer knowledge by the School District's decisionmakers.
 B. Same Decision in Absence of Conduct
 The defendants argue that even if a genuine issue remains as to whether Carbella's speech was a substantial or motivating factor, no genuine issue exists as to whether the School District would have fired Carbella in the absence of his protected conduct. Specifically, they contend that Carbella would have been fired in any event because the School District's policy required that it terminate him on the ground that he was dishonest in the employment application process.[2] We reject this argument.
 It is not enough for a defendant to establish that it "could" have made the same decision in the absence of the plaintiff's conduct; it must show that it would have done so. See Schwartzman, 846 F.2d at 1212; Allen v. Scribner, 812 F.2d 426, 435 (9th Cir.1987); Fujiwara v. Clark, 703 F.2d 357, 361 (9th Cir.1983) ("The mere existence of other grounds for firing does not suffice."). Although the employment application that Carbella signed states that "any false statements or misrepresentations of facts are grounds for dismissal" and the School District's policy states that the "failure to disclose any prior convictions on the application for employment will result in immediate dismissal from the school district," a genuine issue remains as to whether the School District strictly enforces that policy or whether it applies it in a discretionary--or in this case discriminatory--manner. The record shows that while Carbella was allegedly fired for failing to disclose a prior conviction for "moonlighting" while at another law enforcement agency, another officer failed to disclose a prior assault conviction. The record also shows that the same fingerprinting operation that revealed information concerning Carbella revealed information regarding that other officer's assault conviction. The other officer, however, was not discharged.[3] This evidence is sufficient to create a genuine issue of fact as to whether Carbella's failure to disclose his prior conviction was merely a pretext for his dismissal.
 II
 Franklin and Lazzarotto argue that even if the district court erred in granting summary judgment on the merits they are entitled to qualified immunity because they reasonably could have believed that Carbella could be fired based on his dishonesty regarding his employment application. We reject this claim. It has long been clearly established law that "a government employee [may] not with impunity be discharged in retaliation for the exercise of his first amendment rights." Schwartzman, 846 F.2d at 1211 (citing Mt. Healthy, 429 U.S. at 574-75). Because improper motivation constitutes part of the constitutional injury at issue here, and because a genuine issue exists as to these defendants' motivation, defendants may not escape liability on the theory that it would have been objectively reasonable to fire Carbella for his dishonesty. See Grant v. City of Pittsburgh, 98 F.3d 116, 124-26 (3d Cir.1996); F.E. Trotter, Inc. v. Watkins, 869 F.2d 1312, 1316 (9th Cir.1989). If Carbella was fired in retaliation for his speech and union activities, those making the decision to do so could not have reasonably believed that the law permitted their actions.
 III
 Finally, the School District argues that even if the district court erred in granting summary judgment, this court nonetheless must grant partial summary judgment in its favor on the ground that the court cannot order it to reinstate Carbella.[4] This argument is without merit. The district court properly held that the School District, like any municipal defendant, could be held liable for "prospective injunctive relief even if the constitutional violation was not the result of an 'official custom or policy.' " Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1472 (9th Cir.1993) (quoting Chaloux v. Killeen, 886 F.2d 247, 251 (9th Cir.1989)) (footnote omitted)). The School District's assertion that Gates is no longer good law in light of the Supreme Court's holding in Board of County Comm'rs v. Brown, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997), is unpersuasive. Brown involved only a § 1983 plaintiff's right to obtain damages from a municipality, not the right to obtain prospective injunctive relief. The former, but not the latter, is subject to the "official custom or policy" requirement described in Monell v. Department of Social Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). See Gates, 995 F.2d at 1472.
 CONCLUSION
 The district court's grant of summary judgment is REVERSED. A genuine issue of material fact exists with respect to all of Carbella's claims. The School District may be ordered to reinstate him if he succeeds at trial.
 REVERSED AND REMANDED.
 
 
 
 **
 Honorable Jane A. Restani, Judge, United States Court of International Trade Judge
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We, like the district court, assume that compelling Carbella to be re-fingerprinted with a retaliatory motive would in itself support a § 1983 claim for damages. Furthermore, because (1) both Franklin and Lazzarotto were listed as receiving copies of the memoranda that memorialized the transfer of the information regarding Carbella's conviction to the School District's personnel department and the confrontation of Carbella with such information, (2) Lazzarotto, in a letter on School District letterhead, recommended Carbella's dismissal, and (3) Lazzarotto was at the evidentiary hearing that resulted in Carbella's termination, we think that a genuine issue of fact exists as to whether each individual played a part in Carbella's termination. See Saye v. St. Vrain Valley Sch. Dist. RE-1J, 785 F.2d 862, 867 (10th Cir.1986) (school official who takes retaliatory action encouraging and leading to employee's termination may be held liable); Professional Assoc. of College Educators, TSTA/NEA v. El Paso County Community College Dist., 730 F.2d 258, 266 (5th Cir.1984) (same)
 
 
 [2]
 The School District's letter terminating Carbella listed a few other relatively minor "job performance" type grounds for his dismissal, but each was raised or discovered after the personnel manager recommended Carbella's dismissal on the ground of his failure to disclose his "moonlighting" conviction. These additional grounds, therefore, provide little, if any, evidence of the School District's motivation in firing Carbella. Perhaps recognizing this fact, at no time in their briefs do any of the defendants rely on anything other than the undisclosed prior conviction to support the School District's decision to discharge Carbella. See, e.g., School District's Brief at 26 (arguing that, because of the undisclosed conviction, "the sufficiency of [Carbella's] job performance ... [is] irrelevant")
 
 
 [3]
 The defendants' attorney conceded at oral argument that the district court had erred in stating that this officer had disclosed his conviction in his pre-employment psychological evaluation. The officer omitted the incident entirely from his employment application and admitted in his psychological interview only that he had been arrested for the conduct involved
 
 
 [4]
 Carbella does not contest the district court's ruling that the School District cannot be held liable for damages; indeed, Carbella conceded this point below