MEMORANDUM *
The district court did not err in denying Waldie’s motion for summary judgment, because he is not entitled, as a matter of law, to qualified immunity from Gomez’s First Amendment retaliation claim. Taking the facts in the light most favorable to Gomez, as we must on summary judgment, see Jeffers v. Gomez, 267 F.3d 895, 905-06 (9th Cir.2001), Gomez’s speech was a substantial or motivating factor in Waldie’s alleged efforts to block Gomez’s promotion, see, e.g., Schwartzman v. Valenzuela, 846 F.2d 1209, 1212 (9th Cir.1988); Allen v. Scribner, 812 F.2d 426, 434-35 (9th Cir.1987); see also Coszalter v. City of Salem, 320 F.3d 968, 977 (9th Cir.2003). Gomez could make a prima fa-cie case of retaliation without presenting evidence that his speech was the “but for” cause of Waldie’s adverse employment actions. See Hartman v. Moore, 547 U.S. 250, 259-60, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006); see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).
Resolving all factual disputes in Gomez’s favor, lieutenants in the Los Angeles Sheriffs Department (LASD) are generally low-level managers who have well-defined duties and little authority to speak for the Sheriff, interact with elected officials, or develop policies. Aranda’s declaration is not to the contrary. Because a lieutenant does not meet the criteria for a “a policymaker subject to partisan dismissal,” DiRuzza v. County of Tehama, 206 F.3d 1304, 1310 (9th Cir.2000), it was not permissible for Waldie to block Gomez’s promotion to the lieutenant position because of Gomez’s speech, see id. at 1313-14; see also Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); Elrod v. *930 Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). The criteria for determining whether a lieutenant position qualified as a policymaking position was clearly established by 2001, as was the general principle “that a lieutenant in a sheriffs office was not necessarily a policymaker.” DiRuzza, 206 F.3d at 1313; see also Thomas v. Carpenter, 881 F.2d 828, 832 (9th Cir.1989).
Although four years passed between Gomez’s speech and his transfer to a distant job site, Gomez is not barred as a matter of law from establishing that Wal-die caused the transfer. “A rule that any period over a certain time is per se too long” to support an inference of retaliation “would be unrealistically simplistic.” Coszalter, 320 F.3d at 977-78.
Waldie contends that the failed initiation of a criminal investigation cannot qualify as an adverse employment action. We disagree. To defeat Waldie’s motion for summary judgment, Gomez need offer — and has offered — only evidence that raises a triable issue of fact that Waldie’s attempt to open a criminal investigation was “designed to retaliate against” Gomez, id. at 975 (citing Thomas, 881 F.2d at 829), and would be “reasonably likely to deter [a person] from engaging in protected activity under the First Amendment,” id. at 976 (internal quotation marks and alteration omitted). Waldie waived any argument that this rule was not clearly established in 2001 by failing to raise it in his motion for summary judgment in district court. See Bilbrey ex rel. Bilbrey v. Brown, 738 F.2d 1462, 1466 n. 6 (9th Cir.1984).
Finally, Waldie argues that the district court erred because Gomez failed to present sufficient admissible evidence to prove certain elements of his retaliation claim. It is well established that we lack jurisdiction to consider these factual arguments. See, e.g., Behrens v. Pelletier, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996); Wilkins v. City of Oakland, 350 F.3d 949, 951 (9th Cir.2003); Collins v. Jordan, 110 F.3d 1363, 1370 (9th Cir.1996).
Gomez’s motion for sanctions under Federal Rule of Appellate Procedure 38 is DENIED. See Boeing N. Am., Inc. v. Ybarra (In re Ybarra), 424 F.3d 1018, 1027 n. 11 (9th Cir.2005).
The district court’s denial of Waldie’s motion for summary judgment is AFFIRMED, and the case is REMANDED to the district court for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.