UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAN G. UHL,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>LAKE HAVASU CITY, a municipal corporation and body politic; MAUREEN ROSE GEORGE; DENNIS VAUGHAN,<br><br>　　　　Defendants - Appellees. | No. 08-15865<br><br>D.C. No. 3:06-CV-01084-JAT<br>District of Arizona,<br>Phoenix<br><br>ORDER |

Before: SCHROEDER and BERZON, Circuit Judges, and SHADUR,[*] District Judge.

The memorandum disposition filed November 17, 2009, is hereby amended as follows:

1.　　Page 7, ln. 1: Add footnote <1> after <Uhl.> with the following text:

*Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992), is not to the contrary.  Neither *Gillette* nor the cases on which it relied addresses a situation in which a municipal actor's disciplinary decisions are unreviewable, as George's were, as opposed to initially discretionary.  *See Gillette*, 979 F.2d at 1348 (suggesting in a separate context that the City Manager could have overruled the Fire Chief's decision but did not); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 n.12 (1986) (discussing in dictum a Board of County Commissioners'

---

[*]　　The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

decision to leave "discretion" to a sheriff to hire and fire employees but not specifying whether such discretion was reviewable); *Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988) (addressing a scenario under which a police sergeant had "discretion to *recommend* hiring, firing, and discipline" (emphasis added)).

2.      Page 7, line 3: Add the following text after <(9th Cir. 1983).>:

It is not sufficient that a city personnel rule in theory bound George to comply with the law. *See Lytle*, 382 F.3d at 984–85 (holding that a school superintendent and assistant superintendent were final policymakers with respect to employee discipline where their decisions were unreviewable, even though the Board of Trustees had delegated such power to be exercised in accordance with "laws, board policies, and regulations").

With these amendments, the panel has unanimously voted to deny Defendants-Appellees' petition for rehearing. Judge Berzon and Judge Schroeder have voted to deny the petition for rehearing en banc. Judge Shadur recommends denial of the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing is **DENIED** and the petition for rehearing en banc is **DENIED**. No further petitions for rehearing or rehearing en banc may be filed.

2

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOAN G. UHL,

          Plaintiff - Appellant,

  v.

LAKE HAVASU CITY, a municipal
corporation and body politic; MAUREEN
ROSE GEORGE; DENNIS VAUGHAN,

          Defendants - Appellees.

No. 08-15865

D.C. No. 3:06-CV-01084-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted October 9, 2009[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before: SCHROEDER and BERZON, Circuit Judges, and SHADUR,[***] District Judge.

Plaintiff-Appellant Joan Uhl appeals the district court's grant of summary judgment to Defendants-Appellees Lake Havasu City ("the City"), Maureen George, and Dennis Vaughan (collectively "LHC") on Uhl's First Amendment retaliation claim. We reverse and remand.

1. LHC first urges that the district court's grant of summary judgment be upheld because "[Uhl] did not engage in protected free speech." Whether speech is protected by the First Amendment depends on (1) whether the speech addresses a matter of public concern and (2) whether the speech was made outside of an employee's job duties. *See Freitag v. Ayers*, 468 F.3d 528, 543–46 (9th Cir. 2006). We consider only the first of these two factors as it was the only one advanced by LHC at summary judgment.

Uhl "bear[s] the burden of showing that [her] speech addressed an issue of public concern, based on the content, form, and context of a given statement, as revealed by the whole record." *Desrochers v. City of San Bernardino*, 572 F.3d 703, 709 (9th Cir. 2009) (internal citations, quotation marks, and alterations omitted). The content of Uhl's speech—potential misuse of public funds—is a

[***] The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

matter of public concern. *See Robinson v. York*, 566 F.3d 817, 822, 823 (9th Cir. 2009); *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 747 (9th Cir. 2001); *Roth v. Veteran's Admin.*, 856 F.2d 1401, 1406 (9th Cir. 1988). That Ashley was later investigated for criminal misconduct further suggests the content of the speech was of public concern, as does the local media's coverage of the prior felony conviction of Miers, the director of the Social Services Interagency Council.

The district court determined that, despite the content of Uhl's speech, its context and form made the speech unprotected. We disagree. First, the district court relied too heavily on the fact that Uhl spoke to her supervisor rather than to the public. Although an employee's intended audience is a relevant factor in the form and context inquiry, *see Havekost v. U.S. Dep't of the Navy*, 925 F.2d 316, 319 (9th Cir. 1991), speech within the workplace can be protected, *see, e.g.*, *Rankin v. McPherson*, 483 U.S. 378, 386 n.11 (1987); *Chateaubriand v. Gaspard*, 97 F.3d 1218, 1223 (9th Cir. 1996).

Second, contrary to the district court's conclusion, the frequency of Uhl's statements and the fact that they were made to George, who Uhl knew had direct contact with the City Council, suggest that Uhl attempted to influence indirectly individuals with power to correct the circumstances of which she spoke.

3

Finally, the district court's conclusion that Uhl's last report to George did "not indicate an attempt 'to bring wrongdoing to light,'" because the information had already appeared in a newspaper, rests on an erroneous factual premise. With Uhl's allegations taken as true, Uhl's first report to George of Miers' prior conviction preceded the newspaper account. Moreover, government employees' speech can be protected even if it does not expose wrongdoing for the first time. *See, e.g.*, *Rankin*, 483 U.S. at 381, 386–87 (holding that an employee's comment, "If they go for him again, I hope they get him," was protected speech when made in the context of a private conversation with a coworker about the Reagan administration's policies and a well-known assassination attempt on the President). The considerations that Uhl's speech was not made for personal gain and was not in response to an internal dispute favor holding the speech protected even if it did not expose previously unknown wrongdoing. *See Nunez v. Davis*, 169 F.3d 1222, 1227 (9th Cir. 1999).

**2.**     Whether Uhl's speech was a substantial motivating factor in George's decision to withhold Uhl's review and terminate her "involves questions of fact that normally should be left for trial." *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 979 (9th Cir. 2002). With the evidence viewed in the light most favorable to Uhl, summary judgment is not warranted.

4

Uhl introduced sufficient circumstantial evidence to create an inference that George harbored a forbidden motive for the adverse employment actions. "[C]ircumstantial evidence showing motive may fall into three, nonexclusive categories: (1) proximity in time between the protected speech and the alleged retaliation; (2) the employer's expressed opposition to the speech; and (3) other evidence that the reasons proffered by the employer for the adverse employment action were false and pretextual." *Id.* at 980 (internal quotation marks omitted).

Here, the last instance of protected speech was within months of Uhl's termination, timing sufficiently "within the range" to support an inference of retaliatory motive. *See Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003); *Allen v. Iranon*, 283 F.3d 1070, 1078 (9th Cir. 2002); *Schwartzman v. Valenzuela*, 846 F.2d 1209, 1212 (9th Cir. 1988). Uhl also provided evidence indicating George's opposition to Uhl's speech: Uhl stated that George said "Yeah, so?" in response to Uhl's statement that she thought she was suspended based on her reports about Miers and Ashley.

Further, the evidence supports an inference that the investigation of Uhl was a pretext to justify Uhl's termination. *See Allen*, 283 F.3d at 1078. The office had never handled complaints about employees by commissioning external investigations, and George was not sure she had the written external investigation

5

results at the time that she fired Uhl. With respect to the Lietz-Aldridge incident, George had engaged in a conversation with a city employee potentially facing criminal charges that was similar to the conversation between Uhl and Lietz-Aldridge. Moreover, the State Bar of Arizona dismissed George's complaint against Uhl regarding this incident without finding wrongdoing.

In sum, a reasonable jury could find that Uhl's protected speech was a substantial motivating factor for her late review and her discharge.

**3.** On this summary judgment record, we hold as a matter of law, *see Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999), that Lake Havasu City was not entitled to summary judgment on the alternative ground that the standards for municipal liability were not met. The record indicates that George acted with final policymaking authority delegated by the LHC City Council when she terminated Uhl.

Final policymaking authority is determined by state law. *See Ulrich*, 308 F.3d at 985. Lake Havasu City Code § 2.16.010 delegated to George the ultimate authority to appoint and terminate city prosecutors at George's "pleasure." George's own testimony confirms that her decision to fire Uhl was unreviewable. Because the city council delegated to George the "authority in a particular area, or on a particular issue," George was acting as a final policymaker for the city when

6

she fired Uhl.[1] *Lytle v. Carl*, 382 F.3d 978, 983 (9th Cir. 2004) (internal quotation marks and alterations omitted); *see also McKinley v. City of Eloy*, 705 F.2d 1110, 1116 (9th Cir. 1983). It is not sufficient that a city personnel rule in theory bound George to comply with the law. *See Lytle*, 382 F.3d at 984–85 (holding that a school superintendent and assistant superintendent were final policymakers with respect to employee discipline where their decisions were unreviewable, even though the Board of Trustees had delegated such power to be exercised in accordance with "laws, board policies, and regulations").

**4.** On the current record, George is not entitled to qualified immunity on the grounds advanced at summary judgment. A state or local government official is not subject to suit under § 1983 in her personal capacity unless the constitutional right she is alleged to have violated was clearly established. "[T]he inquiry into whether or not a claimed right was clearly established must focus upon the right

---

[1] *Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992), is not to the contrary. Neither *Gillette* nor the cases on which it relied addresses a situation in which a municipal actor's disciplinary decisions are unreviewable, as George's were, as opposed to initially discretionary. *See Gillette*, 979 F.2d at 1348 (suggesting in a separate context that the City Manager could have overruled the Fire Chief's decision but did not); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 n.12 (1986) (discussing in dictum a Board of County Commissioners' decision to leave "discretion" to a sheriff to hire and fire employees but not specifying whether such discretion was reviewable); *Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988) (addressing a scenario under which a police sergeant had "discretion to *recommend* hiring, firing, and discipline" (emphasis added)).

*not* in a general, abstract sense, but rather in a practical, particularized sense."
*Moran v. Washington*, 147 F.3d 839, 845 (9th Cir. 1998) (internal quotation marks omitted).

In 2004, "both the constitutional protection of employee speech and a First Amendment cause of action for retaliation against protected speech were clearly established." *Coszalter*, 320 F.3d at 979. Moreover, as early as 2001, *Keyser v. Sacramento City Unified School District*, 265 F.3d at 745, 747–48, held that employee speech made to a non-public audience regarding misuse of funds was protected by the First Amendment. The legal precedents were thus sufficiently specific to put George on notice that her actions were unconstitutional. George is therefore not entitled to qualified immunity.

### CONCLUSION

We **REVERSE** the district court's grant of summary judgment, **DENY** summary judgment on alternative grounds raised on appeal by LHC, and **REMAND** for further proceedings consistent with this opinion.

8